**STATE of Utah, Plaintiff and Appellee,**

v.

**Toan H. HUA, Defendant and Appellant.**

**No. 960090.**

Supreme Court of Utah.

Nov. 8, 1996.

Jan Graham, Atty. Gen., Barnard Madsen, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Toan H. Hua, pro se.

PER CURIAM:

The State has, for the second time, requested that we recall this case from the court of appeals and vacate our order of pourover. The motion is denied. We take this opportunity to publish our reasons for denying the State's motion for the benefit of the parties and the Bar.

Defendant was charged with aggravated murder, a capital offense. He pleaded guilty and was sentenced to life in prison without parole in accordance with Utah Code Ann. § 76–3–207. Defendant did not appeal his conviction or sentence. Later, however, defendant moved under rule 22(e) of the Utah Rules of Criminal Procedure to set aside the sentence, arguing that it was an illegal or invalid sentence. The district court denied the motion, and defendant appealed to this court. We poured the case over to the Utah Court of Appeals for decision.

The State does not suggest that this case should be resolved by this court because defendant presents a substantial constitutional issue or an issue of first impression in this jurisdiction. Instead, the State contends that this court does not have the power to transfer this case because it involves a capital felony. In support of its theory, the State cites Utah Code Ann. § 78–2–2(3)(i), which provides:

> (3) The Supreme Court has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:
>
> (i) appeals from the district court involving a conviction of a first degree or capital felony.

■ We agree that this court has original appellate jurisdiction of this case because it involves a conviction of a capital felony. The State also cites section 78–2–2(4), which states:

> The Supreme Court may transfer to the Court of Appeals any of the matters over which the Supreme Court has original appellate jurisdiction, except:
>
> (a) capital felony convictions or an appeal of an interlocutory order of a court of record involving a charge of a capital felony.

■ We interpret this statute as restricting this court from transferring appeals of capital felony convictions to the court of appeals. But defendant did not appeal his conviction. Neither is this an appeal of an interlocutory order of any sort. Instead, defendant moved under rule 22(e) of the Utah Rules of Criminal Procedure to declare his sentence illegal, and he has appealed from the denial of that motion. Because the case does not fall into any of the categories this court is restricted from transferring, we have the power to pour it over to the court of appeals for decision.

The State's motion to vacate the pourover order is denied.

STEWART, Associate C.J., dissents.